## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF OHIO
## EASTERN DIVISION

**SHAWN GIRTS,**

      **Petitioner,**                  **CASE NO. 2:10-CV-425**
                                         **JUDGE WATSON**
**v.**                                  **MAGISTRATE JUDGE ABEL**

**TIMOTHY BRUNSMAN, WARDEN,**

      **Respondent.**

### REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  This matter is before the Court on the instant petition, Respondent's Return of Writ, and the exhibits of the parties.  For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### FACTS and PROCEDURAL HISTORY

The Ohio Fifth District Court of Appeals summarized the facts and procedural history of this case as follows:

> Appellant is the biological father of a minor child, T.G., who was born on July 6, 2003. T.G.'s mother, Heather Jones, has primary custody of T.G., and up through the weekend of March 23, 2008, Appellant had visitation with T.G. every other weekend.
>
> During the weekend of March 21-23, 2008, which was the weekend encompassing the Easter holiday, Appellant had visitation with T.G. and T.G. stayed at Appellant's house. Appellant admitted to having consumed alcohol that weekend and stated that he allowed T.G. to sleep in bed with him. When Appellant woke up the next morning, he stated that he had a "morning erection" and that he placed his penis in T.G.'s mouth. He stated that he only placed his penis in T.G.'s mouth for a few seconds and that he knew that it wasn't right so he stopped. At that time, T.G. was four years old.
>
> On April 2, 2008, Heather Jones, Jones' sister, and T .G. were in the

kitchen at Jones' house when Jones noticed that their six month old male bulldog had an erection. Jones told the puppy to "put that away." T.G. then stated, "My daddy has a pee thing like that." Jones asked T.G. how T.G. knew what Appellant had and T.G. responded, "He puts it in my mouth." Jones and T.G.'s aunt both said, "what?" at which time, T.G. clammed up. When Jones assured T.G. that T.G. was not in trouble and asked T.G. to repeat what she had just said, T.G. stated, "My daddy puts his pee thing in my mouth."

Following these statements, Jones contacted Guernsey County Children's Services and an investigation commenced. Upon being interviewed by the police, Appellant admitted to placing his penis in T.G.'s mouth for a few seconds and stated that it only happened one time.

On May 2, 2008, Appellant was indicted by the Guernsey County Grand Jury on one count of rape, a violation of R.C. 2907.02(A)(1)(b), a felony of the first degree. The grand jury also indicted Appellant on a life imprisonment specification.

Appellant pled not guilty at his arraignment on May 19, 2008.

On June 11, 2008, Appellant filed a Motion in Limine, seeking to exclude T.G.'s statement that "daddy puts his pee thing in my mouth." The trial court, in overruling Appellant's motion, determined that the statement was an excited utterance under Evid. R. 803(2), and therefore was an exception to the hearsay rule. The court also determined that T.G. was not competent to testify, as T.G. did not understand several basic questions that the trial court asked during the competency hearing and determined that T.G.'s statement was not admissible under Evid. R. 807 (out-of-court statement made by child victim where child's testimony is not reasonably obtainable by the proponent).

On August 12, 2008, Appellant waived his right to a jury trial on the record and in writing. The case then proceeded to bench trial on that same date. After a day of testimony, the trial court found Appellant guilty of rape, in violation of R.C. 2907.02(A)(1)(b), but found him not guilty as to the life imprisonment specification. Appellant was subsequently sentenced to fifteen years to life in prison.

*State v. Girts*, 2009 WL 2006703 (Ohio App. 5th Dist. July 8, 2009). Petitioner filed a timely appeal, in which he asserted the following assignments of error:

2

I. THE TRIAL COURT ABUSED ITS DISCRETION WHEN IT ADMITTED, OVER OBJECTION, THE ALLEGED CHILD VICTIM'S HEARSAY STATEMENTS INTO EVIDENCE, IN CONTRAVENTION OF THE OHIO RULES OF EVIDENCE, AND IN VIOLATION OF MR. GIRTS'S FIFTH, SIXTH, AND FOURTEENTH AMENDMENT RIGHTS UNDER THE UNITED STATES CONSTITUTION, AND SECTIONS 10 AND 16, ARTICLE 1 OF THE OHIO CONSTITUTION. (JUNE 11, 2008, DEFENDANT'S MOTION IN LIMINE; JUNE 17, 2008, STATE'S MOTION FOR COURT DETERMINATION PRIOR TO TRIAL; JUNE 26, 2008, IN CAMERA INTERVIEW TR.; JUNE 26, 2008, COMPETENCY HEARING TR.; JUNE 27, 2008, JUDGMENT ENTRY; STATE'S EX. C; AUG. 8, 2008, VIDEOTAPE DEPOSITION OF SGT. DAVIS TR.; TR. 68, 80-84, 88-90, 92-93, 96-98, 114-26, 129-31, 191-96).

II. THE TRIAL COURT COMMITTED REVERSIBLE ERROR WHEN IT DENIED MR. GIRTS OF HIS RIGHT TO A TRIAL BY JURY WHEN IT FAILED TO STRICTLY COMPLY WITH THE MANDATES OF R.C. 2945.05, AND ACCEPTED MR. GIRT'S INSUFFICIENT WRITTEN WAIVER OF HIS RIGHT TO A TRIAL BY JURY, IN VIOLATION OF MR. GIRTS'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 5, 10 AND 16, ARTICLE 1 OF THE OHIO CONSTITUTION. (TR. 6-11; AUG. 12, 2008, JURY WAIVER).

III. DEFENSE COUNSEL RENDERED INEFFECTIVE ASSISTANCE OF COUNSEL IN VIOLATION OF MR. GIRTS'S RIGHTS UNDER THE FIFTH, SIXTH, AND FOURTEENTH AMENDMENTS TO THE UNITED STATES CONSTITUTION, AND SECTIONS 5, 10 AND 16, ARTICLE 1 OF THE OHIO CONSTITUTION (ASSIGNMENT OF ERROR II; TR. 6-11; AUG. 12, 2008, JURY WAIVER).

*See id.* at *2.  On July 8, 2009, the appellate court affirmed the judgment of the trial court.  *Id.*  On

November 18, 2009, the Ohio Supreme Court dismissed Petitioner's subsequent appeal.  *State v.*

*Girts*, 123 Ohio St.3d 1496 (2009).  On September 18, 2009, Petitioner filed an application to reopen

his appeal pursuant to Ohio Appellate Rule 26(B).  He asserted that he was denied effective

assistance of appellate counsel because his attorney failed to raise on appeal claims that he was

denied effective assistance of trial counsel because his attorney failed to file a motion to suppress statements and that he was denied the right to testify on his own behalf. *See Exhibit 20 to Return of Writ*. On December 7, 2009, the state appellate court denied Petitioner's application to reopen the appeal. *Exhibit 22 to Return of Writ*. On March 24, 2010, the Ohio Supreme Court dismissed Petitioner's subsequent appeal. *Exhibit 25 to Return of Writ*.

On May 13, 2010, Petitioner filed the instant *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He alleges that he is in the custody of the Respondent in violation of the Constitution of the United States based upon the following grounds:

> 1. Petitioner was deprived of his right to confront adverse witnesses by the use of hearsay testimony to convict.
>
> 2. Petitioner was deprived of his right to trial by jury.
>
> 3. Petitioner was denied effective counsel by counsel failing to assure the right to trial by jury.
>
> 4. Petitioner was deprived of effective counsel on appeal.
>
> 5. Petitioner was deprived of effective trial counsel where counsel failed to move to suppress statements erroneously attributed to Petitioner and admitted at trial.
>
> 6. Petitioner was deprived of his absolute right to testify on his own behalf, violating due process of law.

It is the position of the Respondent that Petitioner's claims are waived for federal habeas corpus review and without merit.

## FAIR PRESENTMENT

In order to exhaust available state remedies, a petitioner must first fairly present the substance of his federal habeas corpus claims to the state courts. *Picard v. Connor*, 404 U.S. 270,

275 (1971); *Anderson v. Harless,* 459 U.S. 4, 6 (1982). "The state courts must be provided with a fair opportunity to apply controlling legal principles to the facts bearing upon petitioner's constitutional claims." *Sampson v. Love,* 782 F.2d 53, 55 (6th Cir.1986). Petitioner does not fairly present his claim simply because the necessary facts supporting a federal constitutional claim are present or because the constitutional claim appears self evident. *Haggins v. Warden,* 715 F.2d 1050, 1054 (6th Cir.1983) (citing *Harless,*459 U.S. at 6). Furthermore, "[a] petitioner 'fairly presents' his claim to the state courts by citing a provision of the Constitution, federal decisions employing constitutional analysis, or state decisions employing constitutional analysis in similar fact patterns." *Levine v. Torvik,* 986 F.2d 1506, 1515 (6th Cir.1993) (citing *Franklin v. Rose,* 811 F.2s 322, 326 (6th Cir.1987)). Courts normally require more than a single broad generalization that petitioner was denied a "fair trial" or "due process of law." *Franklin,* 811 F.2d at 326; *Petrucelli v. Coombe,* 735 F.2d 684, 688 (6th Cir.1984). Petitioner, however, need not "cite book and verse on the federal constitution." *Picard*, 404 U.S. at 277 (quoting *Daugharty v. Gladden,* 257 F.2d 750, 758 (9th Cir.1960)). The Sixth Circuit has strictly followed the requirement that petitioner fairly presented his federal constitutional claims to the state courts as a precondition to federal habeas review. *Weaver v. Foltz*, 888 F.2d 1097, 1098 (6th Cir.1989).

In claim one, Petitioner asserts that he was denied his right to confront the witnesses against him due to admission of hearsay evidence.  In claim two, Petitioner asserts that he was denied his right to a trial by a jury.  Petitioner failed to raise either of these constitutional claims in the state appellate court.  Instead he raised solely the alleged violations of state law.  He argued that the trial court improperly admitted the alleged victim's hearsay statements under Ohio evidence rules.  Similarly, he argued that the trial court had failed to comply with O.R.C. § 2945.05 in accepting his

waiver of his right to a trial by jury.  *See Exhibit 12 to Return of Writ*.  The state appellate court

likewise reviewed Petitioner's claims for a violation of state law only:

> In his first assignment of error, Appellant claims that the trial court erred in admitting T.G.'s statement pursuant to the excited utterance exception in Evid. R. 803(2).
>
> The admission of evidence lies in the sound discretion of the trial court. *State v. Sage* (1987), 31 Ohio St.3d 173, 510 N.E.2d 343. A statement which is otherwise considered hearsay may be admissible as an excited utterance when the following four criteria are met: "(1) an event startling enough to produce a nervous excitement in the declarant, (2) the statement must have been made while still under the stress of excitement caused by the event, (3) the statement must relate to the startling event, and (4) the declarant must have personally observed the startling event."  *In re C.C.*, 8th Dist. Nos. 88320, 88321, 2007-Ohio-2226, ¶ 50, citing *State v. Brown* (1996), 112 Ohio App.3d 583, 601, 679 N.E.2d 361.
>
> In *State v. Taylor* (1993), 66 Ohio St.3d 295, 304, 612 N.E.2d 316, the Supreme Court recognized that children are likely to remain in a state of nervous excitement longer than an adult would, and therefore held that "admission of statements of a child regarding sexual assault may be proper under the excited utterance exception even when they are made after a substantial lapse of time." The Court also determined that there is no per se amount of time after which a statement can no longer be considered to be an excited utterance; the central requirements are that the statement must be made while the declarant is still under the stress of the event and the statement may not be a result of reflective thought.
>
> The Eighth District, in *C.C.,* supra, determined that although roughly twenty-seven days had elapsed since the day that defendant babysat for the child victims, the utterance by the boys regarding what had happened to them was spontaneously uttered, the statement regarded a subject matter ordinarily foreign to a young child, and the children were both clearly under nervous excitement of the event. *C.C.,* supra, at ¶ 53.
>
> Similarly, in *State v. Dukes* (Aug. 25, 1988), 8th Dist. No. 52604, the Eighth District found that the spontaneous statement of a three-year-old child, ten days after the incident, constituted an excited utterance. While the child was being bathed, the child stated, "My daddy sucks

my body." The court found that the child's spontaneous statement regarding a subject matter ordinarily foreign to a three-year-old child constituted an excited utterance.

Moreover, the Twelfth District, in *State v. Ames* (June 11, 2001), 12th Dist No. CA2000-02-024, held that the controlling factor is whether the declarant made the statement under circumstances that would reasonably show that it resulted from impulse rather than reason and reflection. *Ames,* supra, citing *State v. Smith* (1986), 34 Ohio App.3d 180, 190, 517 N.E.2d 933. In *Ames,* the six-year old victim's mother was permitted to testify about the statements the victim made on October 25, 1998, concerning a sexual assault by the defendant. Although the actual date of the incident could not be identified, testimony of different individuals narrowed the time frame to within approximately two months of the October 25th date. After the victim's mother was notified by the babysitter about what had occurred, the victim's mother asked the victim why she had not told her. While the victim was talking about the incident involving defendant with her mother, the victim's mother testified that the victim began to cry, hyperventilate, perspire and shake as she related what had happened.

The trial court stated on the record that it was relying upon *In re Michael* (1997), 119 Ohio App.3d 112, 694 N.E.2d 538, in making its determination that the victim's statements to her mother fell within the excited utterance exception to the hearsay rule. *In re Michael* involved a time delay of two weeks between the time of the incident and the statements made. *In re Michael* cited additional authority that approved admission of excited utterances where a significant period of time had elapsed between the conduct and the statement. Those cases involved a seven month delay from incident to statements, *State v. List* (May 1, 1996), 9th Dist. No. 17295, unreported, and a four-to-six week delay. *State v. Stipek* (Mar. 30, 1995), 7th Dist. No. 92-B-59.

The *Ames* court determined that it is in the sound discretion of the trial court to determine whether or not a declaration should be admissible under the excited utterance exception to the hearsay rule and that if the decision of the court appears to be a reasonable one, even though the reviewing court, if sitting as a trial court, would have made a different decision, then that decision must stand. *Id.,* citing *Potter v. Baker* (1955), 162 Ohio St. 488, 500, 124 N.E.2d 140.

As the Supreme Court in *Taylor* held, "[t]his trend of liberalizing the

7

requirements for an excited utterance when applied to young children who are the victims of sexual assault is also based on the recognition of their limited reflective powers. Inability to fully reflect makes it likely that the statements are trustworthy." *State v. Taylor, supra*, at 304, 612 N.E.2d 316, citing *State v. Wallace* (1988), 37 Ohio St.3d 87, 88, 524 N.E.2d 466, 468; *State v. Wagner* (1986), 30 Ohio App.3d 261, 30 OBR 458, 508 N.E.2d 164.

Appellant contests that T.G. was under the stress of the event in the present case nine days after the incident. We disagree. The evidence is undisputed that T.G. made the statement while observing her male puppy with an erection in her kitchen. Such an event could be construed as startling to the victim.

The excited utterance hearsay exception is treated differently when the declarant is an alleged sexually abused child; as we have already established, the test is extremely liberal. *In re D.M.* (2004), 158 Ohio App.3d 780, 822 N.E.2d 433 at ¶ 13 citing *State v. Shoop* (1993), 87 Ohio App.3d 462, 472, 622 N.E.2d 665. *See, also, Taylor, supra*, 66 Ohio St.3d at 304, 612 N.E.2d 316. "The scrutiny for the child declarant is less than that for an adult. The liberal scrutiny is based on the court's recognition that young children are more trustworthy because of their limited reflective powers." *Id.,* citing *Taylor, supra*, 66 Ohio St.3d at 304, 612 N.E.2d 316; *State v. Wagner* (1986), 30 Ohio App.3d 261, 264, 30 OBR 458, 508 N.E.2d 164. With this in mind, cases involving very young children focus on the spontaneity of the statement, not the progression of a startling event or occurrence.

"The limited reflective powers of a three-year-old, coupled with his inability to understand the enormity or ramifications of the attack upon him, sustain the trustworthiness of his communications. As a three-year-old, truly in the age of innocence, he lacked the motive or reflective capacities to prevaricate [about] the circumstances of the attack. Furthermore, the immediacy of each communication, considered in light of the available opportunities to express himself, satisfies the requirement of spontaneity." *D.M.,* supra, citing *State v. Wagner*, (1986), 30 Ohio App.3d 261, 30 OBR 458, 508 N.E.2d 164.

Each excited utterance must be reviewed on a case by case basis. We conclude, based on the circumstances of this case, that because the statement was spontaneous, because the victim was of such a young age, and because her statements did not indicate a reflective process, the statement constituted an excited utterance. We further find that

8

the trial court's judgment that T.G.'s statements qualify as an excited utterance under Evid. R. 803(2) was reasonable. The record does not reveal any evidence that T.G.'s statements were fabricated, distorted or reflective. Thus, we find that the trial court did not abuse its discretion in admitting the testimony regarding T.G.'s statements.

Appellant also argues that the trial court's decision not to allow the victim to testify due to incompetence makes her statement unreliable. We disagree.

The statement was admitted pursuant to the excited-utterance exception to the hearsay rule, not Evid.R. 807. A prior finding of availability or competency is not necessary when the victim's statement is an excited utterance. *State v. Said* (1994), 71 Ohio St.3d 473, 644 N.E.2d 337; *State v. Boston* (1989), 46 Ohio St.3d 108, 114, 545 N.E.2d 1220; *State v. Street* (1997), 122 Ohio App.3d 79, 85, 701 N.E.2d 50; *State v. Burnette* (1998), 125 Ohio App.3d 278, 281, 708 N.E.2d 276. The Ohio Supreme Court in *State v. Wallace* (1988), 37 Ohio St.3d 87, 93-94, 524 N.E.2d 466, addressed the issue of competency and the excited-utterance exception and held as follows:

"[I]t has long been the common law of Ohio that the testimonial incompetency of a child-declarant does not bar the admission of the child's declarations as excited utterances. The overwhelming majority of jurisdictions which have considered this issue are in accord. * * *

" * * *[C]ompetency is, in large part, inherently satisfied by the elements required to establish an excited utterance. * * * To be competent, a witness must appreciate the duty to tell the truth and possess the ability to recall accurately. These requirements are not relevant to the admissibility of an excited utterance because an excited utterance is made while the declarant is dominated by the excitement of the event and before there is opportunity to reflect and fabricate statements relating to the event."

Accordingly, we find Appellant's argument to be unpersuasive and his first assignment of error is overruled.

In his second assignment of error, Appellant argues that the trial court committed error by failing to strictly comply with R.C. 2945.05 in that the trial court did not fully advise Appellant of the rights that he was giving up by waiving his right to jury trial. We disagree.

A jury waiver must be voluntary, knowing, and intelligent. *State v.*

9

*Ruppert* (1978), 54 Ohio St.2d 263, 271, 375 N.E.2d 1250, 1255.

R.C. 2945.05 provides:

"In all criminal cases pending in courts of record in this state, the defendant may waive a trial by jury and be tried by the court without a jury. Such waiver by a defendant, shall be in writing, signed by the defendant, and filed in said cause and made a part of the record thereof. It shall be entitled in the court and cause, and in substance as follows: 'I _____, defendant in the above cause, hereby voluntarily waive and relinquish my right to a trial by jury, and elect to be tried by a Judge of the Court in which the said cause may be pending. I fully understand that under the laws of this state, I have a constitutional right to a trial by jury.'

"Such waiver of trial by jury must be made in open court after the defendant has been arraigned and has had opportunity to consult with counsel. Such waiver may be withdrawn by the defendant at any time before the commencement of the trial."

Appellant contends that because his written waiver merely stated "Defendant waives his right to a jury trial and consents to trial to the court," it is not in compliance with the mandates of R.C. 2945.05. Appellant does not include in his argument, however, that the trial court proceeded to go through a lengthy oral colloquy prior to accepting Appellant's jury waiver. In whole, the colloquy between the court and Appellant was as follows:

"THE COURT: * * * [T]he defendant, through his attorney, has prepared a waiver of right of jury trial. That waiver reads: The defendant waives his right to a jury trial and consents to a trial to the Court. The Court, therefore, has a duty under Ohio law to comply with Criminal Rule of Procedure 23(A). That rule reads in its pertinent part: In serious offense cases the defendant, before the commencement of trial, may knowingly, intelligently and voluntarily waive, in writing, his right to trial by jury. Such waiver may also be made during the trial as this is being made prior to the commencement of the trial. I will not continue with the reading of that rule.

"Further, Ohio case law is interpreted by the Ohio Constitution Article I, Section 10 by the State of Ohio has stated this matter must be done on the record, and it must be done in open court, and it must have a colloquy that shows that the judge has determined that the

10

defendant is proceeding knowingly, voluntarily and intelligently.

"Further, the supreme court has directed that, although a waiver may be filed on the day of trial, unless it is memorialized by entry and placed in the Court file, it is not a valid waiver prior to the commencement of trial. So the Court will be complying with those portions of Criminal Rule 23.

"Mr. Girts, the first part of that rule commences with you. I have a duty to determine if you are proceeding voluntarily, knowingly and intelligently. I am going to ask you some questions regarding those matters, and as we have a court reporter, I'll need you to speak loud enough that she can hear.

"Now, Shawn Girts, have you reviewed this waiver of right to jury trial with your attorney, Jack A. Blakeslee?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And are you satisfied with the legal representation Mr. Blakeslee has provided you and is providing you in this matter?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: All right. Now, do you understand that you have the constitutional right to waive, that means give up your right to a jury trial, and consent to a trial to the Court? A trial to the Court means to the Judge; do you understand that?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And do you understand that we do have the jurors, they are literally coming into the courthouse as we are here in court; do you understand that?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: All right. And did any party threaten you to cause you to waive your right to a jury trial?

"THE DEFENDANT: No, Your Honor.

"THE COURT: Did anyone promise you anything to get you to sign this document?

11

"THE DEFENDANT: No, Your Honor.

"THE COURT: And have you reviewed this carefully with your attorney?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And do you understand that if you waive the right to a jury trial and consent to a trial to the Court, that is to the Judge, and if the evidence establishes proof beyond a reasonable doubt, the Court then could convict you and find you guilty just like a jury would do?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And do you further understand if the evidence does not establish your guilt beyond a reasonable doubt, the Court, that is the Judge, could acquit you and find you not guilty just like a jury would do?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: And do you further understand the same evidence presumably will be presented to the Judge that could have been presented to the jury?

"THE DEFENDANT: Yes, Your Honor.

"THE COURT: Do you have any question regarding this matter, Mr. Girts?

"THE DEFENDANT: No, Your Honor.

"THE COURT: Is this how you want to proceed?

"THE DEFENDANT: Yes, Your Honor."

To satisfy the statutory requirements of R.C. 2945.05, a waiver must be in writing, signed by the defendant, filed in the criminal action, and made part of the record. *State v. Pless* (1996), 74 Ohio St.3d 333, 658 N.E.2d 766, paragraph one of the syllabus. While a valid waiver may not be presumed from a silent record, if the record shows a jury waiver, "the verdict will not be set aside except on a plain

12

showing that the waiver was not freely and intelligently made." *State v. Bays* (1999), 87 Ohio St.3d 15, 18, 716 N.E.2d 1126, citing *Adams v. United States ex rel. McCann* (1942), 317 U.S. 269, 281, 63 S.Ct. 236, 242-243, 87 L.Ed. 268, 275-276. Moreover, a written waiver is presumptively voluntary, knowing, and intelligent. *Id.* citing *United States v. Sammons (C.A.6,* 1990), 918 F.2d 592, 597.

In *State v. Manley* (June 21, 1996), 7th Dist. No. 95-CO-54, the defendant filed a written jury waiver that stated, "Now comes Randall Manley, in his own proper person, to waive his right to trial by jury by affixing his signature hearto [sic]." The trial court in *Manley* engaged in a colloquy similar to that of the trial court in the present case regarding Manley's understanding of waiving his right to a jury trial and the voluntariness of that waiver. The court in *Manley* held that it was undisputed that the waiver was in writing, signed by appellant, filed with the court and made a part of the record. The court further found that the requirements set forth in *State v. Pless,* supra, were met. The court also found that the colloquy which took place between the trial court and the defendant in open court, demonstrated that the defendant knowingly and voluntarily waived his right to a jury trial. Accordingly, the court found that the defendant could not claim on appeal that he improperly waived such right.

Moreover, in *State v. Jells* (1990), 53 Ohio St.3d 22, 26, 559 N.E.2d 464, U.S. certiorari denied 498 U.S. 1111, 111 S.Ct. 1020, 112 L.Ed.2d 1101, the Ohio Supreme Court found that while it may be better practice for the trial court to enumerate all the possible implications of a waiver of a jury trial, there is no error in the trial court's failure to do so.

We do not find that the trial court erred. There was a written waiver signed by Appellant and a lengthy colloquy was held to ensure that he understood the rights we was waiving.

Appellant's second assignment of error is overruled.

*State v. Grits*, 2009 WL 2006703, at *2-8. Further, Petitioner has failed to establish cause for his failure to present his claims as federal constitutional issues in the Ohio Court of Appeals.  He thereby has waived claims one and two for federal habeas review.  Although Petitioner attempted to present his claims as federal constitutional issues before the Ohio Supreme Court, this did not

preserve his claims for review in these proceedings. The Ohio Supreme Court does not ordinarily consider claims not first raised in the appellate court below. *See Mitts v. Bagley*, 2005 WL 2416929 (N.D. Ohio September 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio)(citing *Fornash v. Marshall*, 686 F.2d 1179, 1185 n. 7 (6th Cir.1982) (citing *State v. Phillips*, 27 Ohio St.2d 294, 302, 272 N.E.2d 347 (1971)).

To the extent that petitioner presents a claim regarding the alleged violation of state law, such claim fails to present an issue appropriate for federal habeas corpus relief. A federal court may review a state prisoner's habeas petition only on the grounds that the challenged confinement is in violation of the Constitution, laws or treaties of the United States. 28 U.S.C. 2254(a). A federal court may not issue a writ of habeas corpus "on the basis of a perceived error of state law." *Pulley v. Harris,* 465 U.S. 37, 41 (1984); *Smith v. Sowders*, 848 F.2d 735, 738 (6th Cir.1988). A federal habeas court does not function as an additional state appellate court reviewing state courts' decisions on state law or procedure. *Allen v. Morris*, 845 F.2d 610, 614 (6th Cir.1988). " '[F]ederal courts must defer to a state court's interpretation of its own rules of evidence and procedure' " in considering a habeas petition. *Id.* (quoting *Machin v. Wainwright*, 758 F.2d 1431, 1433 (11th Cir.1985)). Only where the error resulted in the denial of fundamental fairness will habeas relief be granted. *Cooper v. Sowders,* 837 F.2d 284, 286 (6th Cir.1988). Such are not the circumstances here.

Claims one and two are waived and without merit.

## PROCEDURAL DEFAULT

In recognition of the equal obligation of the state courts to protect the constitutional rights of criminal defendants, and in order to prevent needless friction between the state and federal courts,

a state criminal defendant with federal constitutional claims is required fairly to present those claims to the highest court of the state for consideration. 28 U.S.C. § 2254(b), (c). If he fails to do so, but still has an avenue open to him by which he may present the claims, his petition is subject to dismissal for failure to exhaust state remedies. *Id.; Anderson v. Harless,* 459 U.S. 4, 6 (1982) ( *per curiam* ); *Picard v. Connor,* 404 U.S. 270, 275-76 (1971). If, because of a procedural default, the petitioner can no longer present his claims to a state court, he has also waived them for purposes of federal habeas review unless he can demonstrate cause for the procedural default and actual prejudice resulting from the alleged constitutional error. *Murray v. Carrier,* 477 U.S. 478, 485 (1986); *Engle v. Isaac,* 456 U.S. 107, 129 (1982); *Wainwright v. Sykes,* 433 U.S. 72, 87 (1977).

In the Sixth Circuit, a Court must undertake a four-part analysis when the state argues that a federal habeas claim is precluded by the petitioner's failure to observe a state procedural rule. *Maupin v. Smith,* 785 F.2d 135, 138 (6th Cir.1986). "First, the court must determine that there is a state procedural rule that is applicable to the petitioner's claim and that the petitioner failed to comply with the rule." *Id.* Second, the Court must determine whether the state courts actually enforced the state procedural sanction. *Id.* Third, the Court must decide whether the state procedural forfeiture is an adequate and independent state ground on which the state can rely to foreclose review of a federal constitutional claim. *Id.* Finally, if the Court determines that the petitioner failed to comply with an adequate and independent state procedural rule, then the petitioner must demonstrate good cause for his failure to follow the procedural rule as well as actual prejudice from the alleged constitutional error. *Id.* This "cause and prejudice" analysis also applies to failure to raise or preserve issues for review at the appellate level. *Leroy v. Marshall,* 757 F.2d 94 (6th Cir.1985).

15

In claim five, Petitioner asserts that he was denied the effective assistance of counsel because his attorney failed to file a motion to suppress his statements.  In claim six, Petitioner asserts that he was denied the right to testify on his own behalf.  These claims, being readily apparent from the face of the record, should have been raised on direct appeal, but were not.  Further, Petitioner may now no longer present such claims to the state courts under Ohio's doctrine of *res judicata*.  *See State v. Cole*, 2 Ohio St.3d 112 (1982) ; *State v. Ishmail*, 67 Ohio St.2d 16 (1981); *State v. Perry*, 10 Ohio St.2d 175 (1967).  The state courts were never given an opportunity to enforce the procedural rule at issue due to the nature of Petitioner's procedural default.  Although Petitioner attempted to present his claims to the Ohio Supreme Court as federal constitutional issues, *see Exhibit 17 to Return of Writ*, he did not thereby preserve these claims for federal habeas corpus review.  The Ohio Supreme Court does not ordinarily consider claims not raised in the appellate court below.  *See Mitts v. Bagley,* 2005 WL 2416929 (N.D. Ohio Sept. 29, 2005) (habeas petitioner's failure to raise a claim in the Ohio Court of Appeals precludes review by the Supreme Court of Ohio), citing *Fornash v. Marshall,* 686 F.2d 1179, 1185 n. 7 (6th Cir.1982) (citing *State v. Phillips,* 27 Ohio St.2d 294, 302, 272 N.E.2d 347 (1971)).

The State of Ohio has a rule that claims must be raised on direct appeal, if possible, or they will be barred by the doctrine of *res judicata*.  The Court finds that Ohio's *res judicata* rule is adequate and independent under the third part of the *Maupin* test. To be "independent," the procedural rule at issue, as well as the state court's reliance thereon, must rely in no part on federal law. *See Coleman v. Thompson,* 501 U.S. 722, 732-33 (1991). To be "adequate," the state procedural rule must be firmly established and regularly followed by the state courts. *Ford v. Georgia,* 498 U.S. 411 (1991). "[O]nly a 'firmly established and regularly followed state practice' may be interposed

by a State to prevent subsequent review by this Court of a federal constitutional claim." *Id*. at 423 (quoting *James v. Kentucky*, 466 U.S. 341, 348-351 (1984); *see also Barr v. City of Columbia*, 378 U.S. 146, 149 (1964); *NAACP v. Alabama ex rel. Flowers,* 377 U.S. 288, 297 (1964); *Jamison v. Collins* (6th Cir. 2000); *Norris v. Schotten,* 146 F.3d 314, 332 (6th Cir. 1998). Ohio courts have consistently refused, in reliance on the doctrine of *res judicata*, to review the merits of claims because they are procedurally barred. *See State v. Cole,* 2 Ohio St.3d at 112; *State v. Ishmail,* 67 Ohio St.2d at 16. Additionally, the doctrine of *res judicata* serves the state's interest in finality and in ensuring that claims are adjudicated at the earliest possible opportunity. With respect to the independence prong, the Court concludes that *res judicata* does not rely on or otherwise implicate federal law. Accordingly, this Court is satisfied from its own review of relevant case law that the *Perry* rule is an adequate and independent ground for denying relief. Petitioner has waived claims five and six for federal habeas corpus review.

Petitioner may still may obtain review of this claim on the merits, if he establishes cause for his procedural default, as well as actual prejudice from the alleged constitutional violation.

> " '[C]ause' under the cause and prejudice test must be something external to the petitioner, something that cannot fairly be attributed to him[;] ... some objective factor external to the defense [that] impeded ... efforts to comply with the State's procedural rule."
> *Coleman v. Thompson,* 501 U.S. 722, 753 (1991).

*Maples v. Stegall,* 340 F.3d 433, 438 (6th Cir. 2003).

As cause for his procedural default, the Court presumes that Petitioner asserts, as he does in habeas corpus claim four, the ineffective assistance of appellate counsel. The constitutionally ineffective assistance of counsel may constitute cause for a procedural default, so long as such claim has been presented to the state courts and is not, itself, procedurally defaulted. *Edwards v.*

*Carpenter,* 529 U.S. 446, 451-52 (2000), citing *Murray v. Carrier,* 477 U.S. 478, 488-89 (1986).

The state appellate court rejected Petitioner's claim of ineffective assistance of counsel in relevant part as follows:

> The standard for reviewing claims for ineffective assistance of counsel was set forth in *Strickland v. Washington* (1984), 466 U.S. 668. . . . Ohio adopted this standard in the case of *State v. Bradley* (1989), 42 Ohio St.3d 136. . . . These cases require a two-pronged analysis in reviewing a claim for ineffective assistance of counsel.
>
> First, we must determine whether counsel's assistance was ineffective; i.e., whether counsel's performance fell below an objective standard of reasonable representation and volatile of any of his essential duties to the client.  If we find ineffective assistance of counsel, we must then determine whether or not the defense was actually prejudiced by counsel's ineffectiveness such that the reliability of the outcome of the trial is suspect.  This requires a showing that there is a reasonable probability that but for counsel's unprofessional error, the outcome of the trial would have been different.
>
> . . . [W]e find Appellant has failed to meet his burden to demonstrate there is a genuine issue as to whether Appellant was deprived of effective assistance of counsel on appeal.
>
> . . . Appellant contends his court-appointed appellate counsel was ineffective in failing to raise the issue of trial counsel's decision not to file a motion to suppress a statement that was erroneously attributed to Appellant.  Appellant submits that the "statement" admitted at trial and attributed to him constituted the allegations against him, rather than his own statement and completely alienated the jury against him.
>
> In this case, a bench trial was held before the Guernsey County Court of Common Pleas and the trial court played a tape of Appellant's statement to the police in which he identifies himself and admits to committing the act of rape against his four-year-old biological son.  The tape was admitted through the testimony of the investigating detective.

18

The failure to file a suppression motion does not constitute per se ineffective assistance of counsel.  Failure to file a motion to suppress constitutes ineffective assistance of counsel only, if based on the record, the motion would have been granted. . . .

Appellant does not identify any legal basis for suppression of his statement or any specific portion subject to possible suppression.  His argument is no more than a conclusory assertion and provides no basis that would have warranted suppression.  Therefore, he has not demonstrated a colorable claim of ineffective assistance of counsel.  In addition, the testimony of the child victim was admitted at trial pursuant to the excited utterance exception in Evid. R. 803(2), which identified Appellant as the perpetrator, and supported his conviction.  Therefore, Appellant cannot demonstrate the outcome of the trial would have been different had a motion to suppress his statement been made by trial counsel and granted by the trial court.

Further, it is well established that counsel on appeal is not required to raise and argue assignments of error which are meritless. . . . Appellate counsel cannot be considered ineffective for failing to raise every conceivable assignment of error on appeal. . . .

In his proposed second assignment of error argument, Appellant claims he was not afforded an opportunity to testify on his own behalf.  He states he "sought desparately [sic] to testify on his own behalf" and claims a clear and unambiguous waiver of the right to testify must be made on the record.  Appellant cites no authority for this proposition.  In addition, Appellant fails to state what testimony he would have provided and has not shown that his trial counsel's decision was anything other than trial strategy.

It is common strategy for attorneys to counsel their clients not to testify on their own behalf, as it can open the door to other issues in cross-examination that may be harmful to the client's defense.  The decision whether to take the stand is a tactical decision, to be arrived at between the defendant and his attorney, and falls well within the ambit of debatable trial tactics which does not establish that counsel violated an essential duty to Appellant.  Lastly, Appellant has not demonstrated that if he had taken the stand, the outcome of the trial would have been different.

. . . Appellant has not presented a genuine issue whether he was deprived of effective counsel on appeal.

19

*Exhibit 25 to Return of Writ*.  Under 28 U.S.C. § 2254(e)(1), the state court's factual findings are

presumed to be correct:

> In a proceeding instituted by an application for a writ of habeas
> corpus by a person in custody pursuant to the judgment of a State
> court, a determination of a factual issue made by a State court shall
> be presumed to be correct. The applicant shall have the burden of
> rebutting the presumption of correctness by clear and convincing
> evidence.

Additionally, the state court's decision is binding on this Court unless that decision is contrary to or

involves an unreasonable application of clearly established federal law as determined by the United

States Supreme Court:

> An application for a writ of habeas corpus on behalf of a person in
> custody pursuant to the judgment of a State court shall not be granted
> with respect to any claim that was adjudicated on the merits in State
> court proceedings unless the adjudication of the claim-
>
> (1) resulted in a decision that was contrary to, or involved an
> unreasonable application of, clearly established Federal law as
> determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based upon an unreasonable
> determination of the facts in light of the evidence presented in the
> State court proceeding.

28 U.S.C. § 2254(d).

> Under the "contrary to" clause, a federal habeas court may grant the
> writ if the state court arrives at a conclusion opposite to that reached
> by [the United States Supreme Court] on a question of law or if the
> state court decides a case differently than [the United States Supreme
> Court] has on a set of materially indistinguishable facts. Under the
> "unreasonable application" clause, a federal habeas court may grant
> the writ if the state court identifies the correct governing legal
> principle from [the United States Supreme] Court's decisions but
> unreasonably applies that principle to the facts of the prisoner's case.

*Williams v. Taylor,* 529 U.S. 362, 412-13 (2000). Petitioner cannot meet this standard here.

20

The right to counsel guaranteed by the Sixth Amendment is the right to effective assistance of counsel. *McMann v. Richardson*, 397 U.S. 759, 771 n. 14 (1970). The standard for reviewing a claim of ineffective assistance of counsel is twofold:

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Strickland v. Washington, supra,* 466 U.S. at 687; *see also Blackburn v. Foltz,* 828 F.2d 1177 (6th Cir.1987). "Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action might be considered sound trial strategy." *Strickland,* 466 U.S. at 689.

To establish prejudice, it must be shown that there is a reasonable probability that, but for counsel's errors, the result of the proceedings would have been different. *Id.,* at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.,* at 697. Because petitioner must satisfy both prongs of the *Strickland* test to demonstrate ineffective assistance of counsel, if the Court determines that petitioner has failed to satisfy one prong, it need not consider the other. *Strickland,* 466 U.S. at 697.

The *Strickland* test applies to appellate counsel. *Burger v. Kemp*, 483 U.S. 776, 781-82 (1987). Counsel must provide reasonable professional judgment in presenting the appeal. *Evitts v. Lucey*, 469 U.S. 387, 396-97 (1985). " '[W]innowing out weaker arguments on appeal and focusing on' those more likely to prevail, far from being evidence of incompetence, is the hallmark of

effective appellate advocacy." *Smith v. Murray*, 477 U.S. 527, 536 (1986) (quoting *Jones v. Barnes*, 463 U.S. 745, 751-52 (1983)). The Court of Appeals for the Sixth Circuit has identified the following considerations that ought to be taken into account in determining whether counsel on direct appeal performed reasonably competently:

> 1. Were the omitted issues "significant and obvious?"
>
> 2. Was there arguably contrary authority on the omitted issues?
>
> 3. Were the omitted issues clearly stronger than those presented?
>
> 4. Were the omitted issues objected to at trial?
>
> 5. Were the trial court's rulings subject to deference on appeal?
>
> 6. Did appellate counsel testify in a collateral proceeding as to his appeal strategy and, if so, were the justifications reasonable?
>
> 7. What was appellate counsel's level of experience and expertise?
>
> 8. Did the Petitioner and appellate counsel meet and go over possible issues?
>
> 9. Is there evidence that counsel reviewed all the facts?
>
> 10. Were the omitted issues dealt with in other assignments of error?
>
> 11. Was the decision to omit an issue an unreasonable one which only an incompetent attorney would adopt?

*Mapes v. Coyle*, 171 F.3d 408, 427-28 (6th Cir.1999). This list is not exhaustive and need not produce a certain "score." *Id*. at 428.

As discussed by the state appellate court, Petitioner refers to, and this Court is unable to locate in the record, any potentially meritorious grounds that would have supported a motion to suppress Petitioner's statements to police.  He therefore cannot establish either that his attorney performed in a constitutionally unreasonable manner by failing to raise a claim of ineffective

assistance of trial counsel based on his attorney's failure to file a motion to suppress, or prejudice therefrom.

Similarly, the record fails to establish that Petitioner was denied the right to testify on his own behalf.

> "The right of a defendant to testify at trial is a constitutional right of fundamental dimension and is subject only to a knowing and voluntary waiver by the defendant"; nevertheless, "[b]arring any statements or actions from the defendant indicating disagreement with counsel or the desire to testify, the trial court is neither required to sua sponte address a silent defendant and inquire whether the defendant knowingly and intentionally waived the right to testify, nor ensure that the defendant has waived the right on the record." *United States v. Webber,* 208 F.3d 545, 550-51 (6th Cir.2000). Indeed, "when a tactical decision is made not to have the defendant testify, the defendant's assent is presumed," and if a defendant disagrees with this decision, he "must alert the trial court that he desires to testify or that there is a disagreement with defense counsel regarding whether he should take the stand." *Id.* at 551 (internal quotation marks omitted). "When a defendant does not alert the trial court of a disagreement, waiver of the right to testify may be inferred from the defendant's conduct. Waiver is presumed from the defendant's failure to testify or notify the trial court of the desire to do so." *Id.*

*Goff v. Bagley,* 601 F.3d 445, 471 (6th Cir. 2010). Here, there is no indication that Petitioner alerted the trial court that he desired to testify on his own behalf.

Petitioner has failed to establish cause for his procedural defaults of claims five and six.[1]

Claim four is without merit.

## CLAIM THREE

_____

[1] Beyond the four-part *Maupin* analysis, this Court is required to consider whether this is "an extraordinary case, where a constitutional violation has probably resulted in the conviction of one who is actually innocent." *Murray v. Carrier,* 477 U.S. at 491; *see also Sawyer v. Whitley,* 505 U.S. 333 (1992). After review of the record, the Court does not deem this to be such a case.

In claim three, Petitioner asserts he was denied effective assistance of trial counsel because his attorney failed to ensure he executed a valid waiver of his right to a jury trial under Ohio law. This claim likewise fails.  The state appellate court rejected Petitioner's claim as follows:

> Appellant argues that counsel was ineffective for allowing Appellant to improperly waive his right to a jury trial.
>
> To succeed on a claim of ineffectiveness, a defendant must satisfy a two-prong test. Initially, a defendant must show that his trial counsel acted incompetently. *Strickland v. Washington* (1984), 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674. In assessing such claims, "a court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action 'might be considered sound trial strategy.'" *Id.* at 689, quoting *Michel v. Louisiana* (1955), 350 U.S. 91, 101, 76 S.Ct. 158, 164, 100 L.Ed. 83.
>
> "There are countless ways to provide effective assistance in any given case. Even the best criminal defense attorneys would not defend a particular client in the same way." *Strickland,* 466 U.S. at 689. The question is whether counsel acted "outside the wide range of professionally competent assistance." *Id.* at 690.
>
> Even if a defendant shows that his counsel was incompetent, the defendant must then satisfy the second prong of the *Strickland* test. Under this "actual prejudice" prong, the defendant must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.
>
> When counsel's alleged ineffectiveness involves the failure to pursue a motion or legal defense, this actual prejudice prong of *Strickland* breaks down into two components. First, the defendant must show that the motion or defense "is meritorious," and, second, the defendant must show that there is a reasonable probability that the outcome would have been different if the motion had been granted or the defense pursued. See *Kimmelman v. Morrison* (1986), 477 U.S. 365, 375, 106 S.Ct. 2574, 2583, 91 L.Ed.2d 305; see, also, *State v. Santana* (2001), 90 Ohio St.3d 513, 739 N.E.2d 798 citing *State v. Lott* (1990), 51 Ohio St.3d 160, 555 N.E.2d 293.
>
> Based on our ruling of Appellant's second assignment of error, we

24

> also overrule Appellant's third assignment of error. Appellant asserts
> that counsel was ineffective because his jury waiver was not in
> compliance with the statute; however, we have determined that the
> waiver was in fact compliant with the statute. As such, counsel's
> performance was not deficient.

*State v. Grits*, 2009 WL 2006703, at *8. Hence, the state courts have determined that Petitioner's

jury waiver complied with Ohio law. This Court defers to that conclusion. "[A] state court's

interpretation of state law. . . binds a federal court sitting in habeas corpus." *Bradshaw v. Richey*,

546 U.S. 74, 76 (2005)(citations omitted).

Claim three is without merit.

**WHEREUPON,** the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED.**

### PROCEDURE ON OBJECTIONS

If any party objects to this *Report and Recommendation,* that party may, within fourteen (14)

days of the date of this report, file and serve on all parties written objections to those specific

proposed findings or recommendations to which objection is made, together with supporting

authority for the objection(s). A judge of this Court shall make a *de novo* determination of those

portions of the report or specified proposed findings or recommendations to which objection is

made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in

part, the findings or recommendations made herein, may receive further evidence or may recommit

this matter to the magistrate judge with instructions. 28 U.S.C. §636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation*

will result in a waiver of the right to have the district judge review the *Report and Recommendation*

*de novo,* and also operates as a waiver of the right to appeal the decision of the District Court

adopting the *Report and Recommendation. See Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88

L.Ed.2d 435 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir.1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

**IT IS SO ORDERED**.

s/ Mark R. Abel
United States Magistrate Judge